**In re Devon L. STUTZMAN, Glada M. Stutzman, Debtors.**

**Bankruptcy No. 92–30019–S.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Dec. 9, 1992.

William Scott O'Brien, Findlay, OH, for debtors.

Bruce C. French, Lima, OH, trustee.

John Hunter, Jr., Toledo, OH, for Society Nat. Bank.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtors' Motion for Contempt and Society National Bank's (hereafter "SNB") Response and Memorandum in Support of Dismissal of Contempt. The Court has reviewed the written arguments of counsel, supporting affidavits, and exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, SNB is found in contempt. Debtors' payment of Five Hundred Forty and 00/100 Dollars ($540.00) shall be credited toward any outstanding balance due pursuant to this Court's Orders of March 23, 1992 and August 17, 1992. Any amounts exceeding the balance due shall be returned to Debtors.

## FACTS

On October 28, 1987, Debtors executed a direct installment note with Toledo Trust in the amount Fifteen Thousand Six Hundred Eight and 63/100 Dollars ($15,608.63) for the purchase of a 1987 Chevrolet Conversion Valley Van (hereafter "Chevrolet Van"). Toledo Trust obtained a security interest in the Chevrolet Van for the amount of the note. Subsequently on May 10, 1988, Debtors executed with Trustcorp Bank (hereafter "Trustcorp") a direct installment note in the amount of Eight Thousand Seven Hundred Seventy Three and 00/100 Dollars ($8,773.00) for the purchase of a 1987 Chevrolet Cavalier. Trustcorp obtained a security interest of Ten Thousand Nine Hundred Thirty Four and 88/100 Dollars ($10,934.88) in the Chevrolet Cavalier. The indebtedness with Toledo Trust and Trustcorp has been assigned to SNB.

SNB took possession of the Chevrolet Van on December 30, 1991. Debtors filed for relief under Chapter 13 of the United States Bankruptcy Code on January 3, 1992. On February 21, 1992, SNB filed a Motion for Relief From Stay and Application for Abandonment. A Trial on the merits of SNB's motion was convened on March 19, 1992. During this Trial, SNB estimated that the storage and repossession costs total approximately Two Hundred Fifty and 00/100 Dollars ($250.00). On March 23, 1992, this Court Ordered the following: (1) that SNB's expenses of Two Hundred Fifty Dollars ($250.00) be paid through the Chapter 13 Plan as pre-petition arrearages; (2) that Debtors pay the costs of title transfer; (3) that Debtors remit two (2) payments by Friday, March 20, 1992; (4) that Debtors remit an additional two (2) payments by April 12, 1992; (5) that Debtors remain current on future payments and insurance; and (6) that SNB return the 1987 Van to Debtors.

Debtors remitted Five Hundred Forty and 00/100 Dollars ($540.00). SNB failed to return the Chevrolet Van so Debtors filed a Motion for Contempt against SNB on April 16, 1992. SNB was duly notified in accordance with Bankruptcy Rule 9020

and the Trial was held on May 4, 1992. This Court Ordered SNB to file an amended Proof of Claim; the parties to submit written stipulations as to the issue of abandonment; and the matter of contempt to be taken under advisement. On May 18, 1992, an Order was filed granting SNB relief from stay and abandoning the Chevrolet Van from the estate.

SNB filed an additional Application for Abandonment and Motion for Relief from Stay on July 27, 1992 regarding Debtors' 1987 Chevrolet Cavalier. A Request for Hearing was filed by SNB on August 5, 1992 and the Trial was convened on August 17, 1992. This Court Ordered that Debtors pay the sum of Nine Hundred Three and 91/100 Dollars ($903.91) within forty-five (45) days toward the debt for the 1987 Chevrolet Cavalier. This Court further Ordered counsel to file briefs within thirty (30) days regarding application of the Five Hundred Forty and 00/100 Dollars ($540.00) to the debt on the Chevrolet Van or the Chevrolet Cavalier. On August 27, 1992, Debtors filed a Contempt Statement. SNB responded by filing a Response to Contempt Statement of Debtor and Memorandum in Support of Dismissal of Contempt on September 4, 1992.

## LAW

The relevant law in this case is set forth in 11 U.S.C. § 105 and Bankruptcy Rule 9020. These sections read as follows:

**§ 105. Power of court.**

(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary to appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

**Rule 9020. Contempt Proceedings.**

(b) **Other Contempt.** Contempt committed in a case or proceeding pending before a bankruptcy judge, except when determined as provided in subdivision (a)

of this rule, may be determined by the bankruptcy judge only after a hearing on notice. The notice shall be in writing, shall state the essential facts constituting the contempt charged and describe the contempt as criminal or civil and shall state the time and place of hearing, allowing a reasonable time of the preparation of the defense. The notice may be given on the court's own initiative or on application of the United States attorney or by an attorney appointed by the court for that purpose. If the contempt charged involves disrespect to or criticism of a bankruptcy judge, that judge is disqualified from presiding at the hearing except with the consent of the person charged.

## DISCUSSION

There are four issues before this Court. First, whether SNB is guilty of contempt for failing to return the 1987 Chevrolet Van to Debtors as Ordered by this Court on March 23, 1992. Second, if SNB is guilty of contempt, what sanctions are applicable. Third, whether the payment made by Debtors totalling Five Hundred Forty and 00/100 Dollars ($540.00) should be applied to the payment on the Chevrolet Van or Chevrolet Cavalier. Fourth, whether Debtors are obligated to make payments toward repossession and storage costs. Although Trials were held on the issues individually, all issues have been consolidated for purposes of this Memorandum Decision and Order.

Civil contempt is predicated on a refusal to do a commanded act as distinguished from commission of a prohibited act. 71 B.R. 36 (N.D.Tex.1987) (citing *Skinner v. White* 505 F.2d 685 (5th Cir. 1974)). An order of civil contempt is conditional and may be purged. *Skinner,* at 688–689. An alleged contemnor must have knowledge of the order on which civil contempt is to be based. *Kellogg,* (citing *Douglass v. First Nat'l Realty Corp.,* 543 F.2d 894 (D.D.C.1976)). Intent or good faith is irrelevant and the requisite level of knowledge is not high. *Kellogg,* (citing

*McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949)).

■■■ Inherent with the power to determine contempt is the power to determine appropriate sanctions. 11 U.S.C. Section 105 contains a broad grant of power to bankruptcy courts to issue any order, process, or judgment necessary or appropriate to carry out the provisions of title 11, including, "taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." *Kellogg v. Chester*, 71 B.R. 36 (N.D.Tex.1987).

In this case, SNB was aware of the Court's Order instructing it to return the Chevrolet Van to Debtors. Further, SNB has admitted its failure to return the Chevrolet Van to Debtors. In mitigation, SNB claims that the Debtors are responsible for repossession and storage costs of the Chevrolet Van. Without payment of these costs, Debtors are not entitled to the return of the Chevrolet Van. SNB attempted to resolve these issues by demanding reimbursement of repossession and storage costs immediately after the May 4, 1992 Trial. Debtors' counsel thwarted all efforts made by SNB's counsel to amicably resolve this issue. Since Debtors refuse to reimburse SNB for any costs associated with repossession and storage, SNB feels justified in its refusal to return the Chevrolet Van to Debtors.

Debtors claim that they have no legal obligation for payment of repossession or storage costs. Debtors remitted payments toward the indebtedness on the Chevrolet Van pursuant to the Court's Order. They are therefore entitled to the return of the Chevrolet Van or in the alternative the return of the Five Hundred Forty and 00/100 ($540.00) remitted toward the indebtedness.

This Court finds that its Order of March 23, 1992 is unequivocal. Both SNB and Debtors were aware of the Order and its ramifications. Debtors were Ordered to pay the sum of Five Hundred Forty and 00/100 Dollars ($540.00) toward payments on the Chevrolet Van. In response, SNB was Ordered to return the Chevrolet Van to Debtors upon remittance of payments. SNB was also awarded Two Hundred Fifty and 00/100 Dollars ($250.00) toward its "expenses" through the Chapter 13 Plan as pre-petition arrearages.

■■■ Although SNB is convinced of its entitlement to reimbursement from Debtors for repossession and storage expenses, this Court finds that the issue is res judicata. SNB is entitled to recover Two Hundred Fifty and 00/100 Dollars ($250.00) in expenses through the Chapter 13 Plan as pre-petition arrearages. SNB is not entitled to an amount for repossession or storage costs exceeding Two Hundred Fifty and 00/100 Dollars ($250.00).

Even when this Court considers what SNB offers in mitigation, the result is the same. SNB estimated the costs of repossession during the March 18, 1992 Trial. Upon apprising the Court that the costs were estimated at Two Hundred Fifty and 00/100 Dollars ($250.00), this Court Ordered exactly what SNB stated as an estimate. Upon discovery that the costs of repossession and storage were perhaps underestimated, SNB attempted to collect repossession costs from Debtors which exceed Two Hundred Fifty and 00/100 Dollars ($250.00). SNB failed to seek reconsideration by this Court or appellate review. SNB then proceeded to blame Debtors' counsel for failure to negotiate payment of additional costs. However, Debtors' counsel had no responsibility to negotiate that which the Court had already decided.

Debtors complied with the Court's Order by remitting Five Hundred Forty and 00/100 Dollars ($540.00) to SNB. In response, SNB held the Chevrolet Van pending receipt of additional monies from Debtors for repossession and storage expenses. Absent the argument espoused by SNB that Debtors are not entitled to the Chevrolet Van until payment of repossession and storage expenses is made, SNB has failed to present any other justifiable legal argument for its refusal to do that which this Court commanded it to do. This Court therefore finds that SNB is in contempt.

What remains for disposition by this Court is appropriation of the Five Hundred Forty and 00/100 Dollars ($540.00) remitted by Debtors to SNB for the Chevrolet Van and the appropriate sanctions for SNB. SNB's Response to Contempt Statement does not address disposition of Debtor's remittance. It merely requests that Debtors' Motion for Contempt be dismissed. In their Motion for Contempt, Contempt Statement and accompanying letter, Debtors seek reimbursement of their remittance for the Chevrolet Van as a sanction against SNB.

This Court finds that SNB may purge itself of contempt by complying with this Court's Order in appropriating Debtors' Five Hundred Forty and 00/100 Dollars ($540.00). Debtors' remittance of Five Hundred Forty and 00/100 Dollars ($540.00) shall be first applied toward any outstanding payments due pursuant to the March 23, 1992 Order. In the event that all payments were made pursuant to the March 23, 1992 Order, Debtors' remittance of Five Hundred Forty and 00/100 Dollars ($540.00) shall be applied toward the Nine Hundred Three and 91/100 Dollars ($903.91) obligation on the Chevrolet Cavalier. Any remaining balance shall be returned to Debtors.

In reaching the conclusion found herein, the Court has considered all of the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

ORDERED that Debtors remittance of Five Hundred Forty and 00/100 Dollars ($540.00) shall be first applied toward any outstanding payments due pursuant to this Court's March 23, 1992 Order.

IT IS FURTHER ORDERED that in the event there are no outstanding payments due pursuant to this Court's March 23, 1992 Order, Debtors' remittance of Five Hundred Forty and 00/100 Dollars ($540.00) shall be next applied toward the balance of the Nine Hundred Three and 91/100 Dollars ($903.91) obligation on the Chevrolet Cavalier, if any.

IT IS FURTHER ORDERED that Debtors shall be awarded any and all remaining balances after appropriation of the Five Hundred Forty and 00/100 Dollars ($540.00) in accordance with this Court's Orders.